INZER, Justice:
This is an appeal by William E. Nickles and Mary Nickles Evans, joint administrator and administratrix of the Estate of Robert W. Nickles and individually, from a decree of the Chancery Court of Lowndes County declaring appellee Eugene Edward Nickles to be the sole heir at law of Robert W. Nickles, deceased. We affirm.
Robert W. Nickles, a resident of Lowndes County, died intestate on January 31, 1969. Appellants were appointed joint administrator and administratrix of his estate. On August 6, 1969, Eugene Edward Nickles filed a petition pursuant to Section 474, Mississippi Code 1942 Annotated (1956) alleging that he was the son of the decedent and praying that he be declared to be the sole heir at law of Robert W. Nickles. The joint administrator and ad-ministratrix answered the petition and denied that Eugene Edward Nickles was the son of Robert W. Nickles, and by a cross petition alleged that they were the sole heirs at law of Robert W. Nickles, being the children of, the decedent’s only brother of the full blood.
The evidence established that appellee was born out of wedlock to Eloise Goodman on July 25, 1928. On October 23, 1931, Eloise Goodman and Robert W. Nickles were legally and lawfully married and Robert W. Nickles acknowledged that Eugene was his son. Thereafter on October 19, 1932, Robert W. Nickles was adjudicated by the Chancery Court of Lowndes County to be non compos mentis and a guardian was appointed for his estate.
On September 8, 1941, the guardian, having been authorized by the Chancery Court of Lowndes County to do so, filed a bill for divorce on behalf of his ward against Eloise Goodman Nickles. The bill of complaint alleged that there was born to this marriage one child, a boy now about 12 years of age, named Eugene Edward Nickles, that the child was born out of wedlock two years prior to the marriage of the parties. The decree granting the divorce adjudicated that there was one child born of the marriage union, Eugene Nickles, a boy, then about twelve years of age.
The chancellor after hearing and considering the evidence in this case in a well reasoned opinion found that Eugene Edward Nickles was the sole heir at law of Robert W. Nickles. After a careful review of the record in this case, we are of the opinion that the chancellor reached the correct conclusion for the reasons stated in his opinion, and there being no reversible error in this record, it should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and HARPER, JJ., concur.